## George E. Gehres et al., Plffs. in Err., *v.* J. W. Crawford.

In a feigned issue to determine whether a judgment note was by mistake drawn for a sum greater than that agreed upon by the parties, the uncorroborated testimony of the defendant in the judgment in the affirmative is, when positively contradicted by the plaintiff in the judgment, insufficient to authorize the submission of the question to the jury.

Upon a question as to a mistake in the terms of a written contract between A and B, testimony that B had previously offered to make a different contract with C is irrevelant.

Upon a question as to a mistake in the terms of a written contract, testimony that similar contracts are usually made in terms different from the contract in question is irrelevant.

(Argued April 25, 1887. Decided May 9, 1887.)

January Term, 1886, No. 76, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Er-

NOTE.—For the evidence required when an application is made to open a judgment, see note to Roenigk's Appeal, 1 Sad. Rep. 284.

ror to the Common Pleas of Northumberland County to review a judgment on a verdict for the defendant in a feigned issue. Affirmed.

This was a feigned issue to try the question: "Whether at the time of the purchase of J. W. Crawford's stock of boots, shoes, etc., in his store at Shamokin, Pennsylvania, by George E. Gehres, it was agreed that an account of the stock should be taken, and a discount of 10 per cent at least should be allowed by the said Crawford on the amount of the inventory; and if so, whether the amount of said discount was not deducted, but was included in the sum of $7,500, the amount of the note upon which judgment was entered in this case, by mistake, wherein George E. Gehres, Sarah E. Gehres, and Abraham Weikel are plaintiffs, and J. W. Crawford defendant. A *narr.* in assumpsit in the form of a wager to be filed," etc.

At the trial the following facts appeared:

About the first of April, 1876, J. W. Crawford, the plaintiff in the judgment and defendant in the feigned issue, opened a retail boot and shoe store in the borough of Shamokin, and continued the business until the beginning of January, 1881.

On or about January 14, 1881, he sold his stock in said boot and shoe store to the said George E. Gehres. An inventory was taken, amounting to $7,536.05. Gehres paid cash amounting to $36.05, and gave a judgment note, waiving exemption and inquisition, and agreeing to pay 5 per cent collection fees, for $7,500, with his mother, Sarah E. Gehres, and his uncle, Abraham Weikel, as sureties, dated January 14, 1881, and payable fifteen months after date.

Judgment was entered on this note *d. s. b.* for $7,875.

In addition to this judgment note for $7,500 it was arranged for the convenience of George E. Gehres, that he should pay $500 monthly; thereupon other judgment notes were given for $500 each, payable monthly thereafter, and signed George E. Gehres & Company.

Gehres made seven of the monthly payments. After failing to meet the rest of the monthly payments, on April 14, 1883, execution was issued on some of the $500 notes. The stock in trade, with fixtures, etc., was levied upon by the sheriff, and sold partly by the sheriff and partly by auction, the proceeds of which amounted to $2,712.36.

After that, July 18, 1883, execution was issued on the $7,500 note, and the house and lot of Sarah E. Gehres was sold on a writ of fieri facias, and the farm of Abraham Weikel was levied upon at the same time; but the writ was stayed as to Abraham Weikel, on his application to the court for that purpose.

After this rule was discharged, an alias writ of fieri facias was issued on the first day of November, 1883, and the farm of Weikel sold.

About this time George E. Gehres applied to the court by petition, setting forth the fact of the sale of the store to him, and that a discount of 10 per cent was to be taken off the inventory after it was taken, but through mistake was not taken off, and that the judgment note for $7,500 included the 10 per cent by mistake.

A rule to show cause was granted, depositions taken, and upon argument the court ordered this issue.

The plaintiffs called J. W. Crawford, the defendant, for cross examination under the act of April 15, 1869. He swore positively that he did not agree to make a deduction of 10 per cent on the inventory, and that no such deduction was made. George E. Gehres testified just as positively that Crawford had agreed to deduct 10 per cent after the inventory was completed, and that the note in question was made for the full amount by mistake.

The evidence of J. W. Crawford was corroborated by one J. F. Housel, who was present at the time of the bargain or contract between Gehres and Crawford, and during the whole time that the inventory was being taken, and was an interested party to the contract, inasmuch as he helped Gehres buy out Crawford with a view of being a partner of Gehres as soon as the sale was completed. He had agreed with Gehres to become his partner, and did become his partner immediately upon the closing of the sale. He swore that he knew nothing about any agreement to deduct 10 per cent; that he heard of nothing of the kind.

George E. Gehres was corroborated by the testimony of no one. The testimony of Joel Weikel as to the 10 per cent discount was that J. W. Crawford told him a few days before the sale was made, "that he was going to sell the stock to Gehres at cost price, and then he would take 10 per cent off the dollar."

The plaintiffs in the issue proposed to prove by several witnesses, including Crawford, when called by them for cross exam-

ination, that he had offered to sell the same stock of goods at a discount of 10 per cent, to be followed by evidence that the same offer was made by Crawford to Gehres and that this was the contract under which the goods were sold. The court refused to admit the testimony, and this was the subject of the fourth, fifth, sixth, eighth, and tenth assignments of error.

The plaintiffs in the issue also proposed to prove that the usual and ordinary way to sell a stock of boots and shoes at private sale is by taking an inventory and then allowing a discount. The court refused to admit the testimony, and this was the subject of the seventh and eleventh assignments of error.

The defendant in the issue (Crawford) was permitted, under objection, to read in evidence the notes identified by the witness given under the arrangement explained by him:

First, as tending to show a ratification of the contract, as shown by the notes already in evidence, for the sum of $7,500, and by payment of part of the debt, as shown by these notes, subsequently, at the several times spoken of by the witness.

Second, to rebut the evidence on the part of George E. Gehres, the principal plaintiff, wherein he states that the contract embraced an agreement to deduct 10 per cent from the amount of the inventory after it was taken. These notes in the aggregate, as subsequently given, showing the amount as exhibited by the inventory which is already in evidence, with interest to the maturity of the several notes so offered, as well as the principal debt named in the judgment note, or bill single, already in evidence, offered by the plaintiff, dated January 14, 1881.

Third, to rebut the evidence of George E. Gehres, tending to establish that anything was contained in said principal note or security, signed by the plaintiff, by mistake of the parties.

The reason given by the court for admitting the notes was as follows:

"I am of opinion that the fact that the defendant, at or about the time of the giving of the judgment note in question, gave other notes aggregating the full amount of the said judgment note in order to suit his convenience, in making payments, and paid the same or most of them, without objection until after the whole became due, is some evidence to go to the jury on the question as to whether there was a mistake in the amount for which the judgment note was given."

The action of the court in admitting the notes was the subject of the ninth assignment of error.

The court, after reviewing the testimony, concluded its charge to the jury as follows:

"I am of opinion that a chancellor would not, upon such testimony, reform the instrument and undertake to say that $750 must be taken off of this note. That being so, the supreme court says the court should not submit the case to the jury. If I am wrong in this matter, the party has a right to a writ of error, and the supreme court will say whether I have committed an error or not. For the present we instruct you to find a verdict in favor of the defendant." First assignment of error.

The defendant in the issue submitted the following points:

1. That the parol testimony of George E. Gehres, one of the parties to the judgment note, or bill single in evidence, tending to fatally vary and contradict the written contract of the parties, being contradicted and denied by the defendant and J. F. Housel, as witnesses for the defendant, who were the sole remaining witnesses present at the conclusion of the said contract in writing, as well as by the fifteen other notes in evidence signed by George E. Gehres, is insufficient to carry the case to the jury; and the verdict should be for the defendant.

*Ans.* This point is affirmed.

2. That such evidence by the said party plaintiff, being contradicted and denied by the defendant and the partner of the said George E. Gehres, as well as by the writings in evidence, is insufficient to warrant a court in equity to decree a reform of the writing according to such testimony; and therefore the verdict should be for the defendant.

*Ans.* This point is affirmed.

3. That under all the evidence in this case, the written contract of the parties, as shown by the notes in evidence, is a certain guide as to what the true contract of the parties was, as finally concluded by and between them, and, therefore, the verdict should be for the defendant.

*Ans.* This point is affirmed.

4. That under the law and the evidence in this case, the verdict of the jury must be for the defendant.

*Ans.* This point is affirmed.

The second assignment of error specified the answers to these points.

The plaintiffs in the issue asked the court to charge, *inter alia:*

2. Under the act of April 15, 1869, a party to a suit may offer himself as a witness on his own side of the case; and if such evidence in the opinion of the jury is sufficient to satisfy the mind and conscience of a common man, so that he would act upon the conviction in matters of the highest importance to his own interest, the jury may find a verdict upon such evidence alone, without it being corroborated to make it effective. Prowattain v. Tindall, 80 Pa. 295; Shaffer v. Clark, 90 Pa. 94.

*Ans.* This point is correct, but I refer you to the general charge.

Third assignment of error.

Verdict and judgment were for the defendant in the issue.

*S. B. Boyer,* for plaintiffs in error.—The defendant's first, second, and third points were affirmed by the court upon the authority of Phillips v. Meily, 15 W. N. C. 225.

In that case Phillips brought an action of assumpsit against Meily, upon a promissory note for $3,000, drawn by defendant to the order of plaintiff. The plaintiff alleged that he held a certain note against the Union Forge Company; that he sold that note to Meily, and took the note in suit in payment. This was denied by Meily. He alleged that he gave the note in suit to the plaintiff only as a memorandum of the transaction, and that it was not to be collected unless he, Meily, succeeded in collecting the note from the Union Forge Company, etc. There were no allegations of fraud, accident, or mistake in the creation of that note. The defense was to reform the note, or, in other words, to annul it altogether by the unsupported evidence of the defendant. Such evidence is no defense. Hill v. Gaw, 4 Pa. 493; Anspach v. Bast, 52 Pa. 356; Hacker v. National Oil Ref. Co. 73 Pa. 93, and Heist v. Hart, 73 Pa. 286.

But the facts of Phillips v. Meily and the case at bar differ very widely. What we claim is to correct a mistake of daily occurrence.

The evidence of a party in interest, although unsupported, must be submitted to the jury. It is for that body to say how far the interest of the witness giving it shall affect its credibility, and not for the court. Prowattain v. Tindall, 80 Pa. 295; Shaffer v. Clark, 90 Pa. 94.

The offer of Crawford's testimony in cross-examination, that he tendered this store to others at a discount, shortly before

Gehres bought, would have had the effect of strengthening the plaintiffs' case; for if Crawford had denied that he did so, he would have been contradicted. The effect would have been to weaken his side of the case and strengthen the plaintiffs.' Under the 2d section of the act of assembly of April 15, 1869 (Pamph. L. 30), when the plaintiff below was called to the stand as a witness by the defendants, they had a right to examine her as if under cross-examination—put to her leading questions —and draw from her any facts or admissions which would corroborate their own case or weaken hers. The act provides that the "party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony." Brubaker v. Taylor, 76 Pa. 83.

The evidence in the fifth assignment of error was to compel Crawford to disclose as to what was said in relation to the sale and purchase of the store in question, by the witness to Abraham Weikel, in the presence of Joel Weikel and Gehres, about the time the contract was concluded. In the event that he had admitted the proposition in the offer that an inventory was to be taken, and 10 per cent discount to be deducted from the inventory, that would have strengthened the plaintiffs' evidence, and weakened the defendant's; and if he had denied the proposed evidence—the plaintiffs had a right to contradict him—the effect would be to weaken the defense.

*A. G. Marr,* for defendant in error.—In taking the case from the jury, and giving them binding instructions to find a verdict for the defendant, the learned judge only complied with the requirements of the law. Phillips v. Meily, 15 W. N. C. 225.

The rule is that a chancellor invariably refuses to decree on the uncorroborated testimony of a single witness. Brawdy v. Brawdy, 7 Pa. 157.

PER CURIAM:

The court committed no error in the rejection of evidence. All the evidence received was insufficient to reform the written instrument. The court therefore was clearly right in giving binding instructions to the jury to find for the defendant.

Judgment affirmed.